1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PAUL SAMUEL JOHNSON,

11          Plaintiff,                    No. 2:12-cv-0598 GGH P

12      vs.

13   MATTHEW CATE, et al.,

14          Defendants.                   ORDER

15   _____/

16          Plaintiff is a prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C.

17   § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.

18   This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

19          Plaintiff has submitted a declaration that makes the showing required by 28

20   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

21          The court is required to screen complaints brought by prisoners seeking relief

22   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

23   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

24   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

25   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

26   U.S.C. § 1915A(b)(1),(2).

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7    Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint must contain more than a "formulaic recitation of the elements of a

9    cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

10    speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

11    "The pleading must contain something more...than...a statement of facts that merely creates a

12    suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

13    Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

14    factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

15    v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting Twombly, 550 U.S. at 570).  "A

16    claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

17    the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

18    In reviewing a complaint under this standard, the court must accept as true the

19    allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

20    738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

21    and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

22    1843 (1969).

23    In the instant complaint, plaintiff makes many allegations stemming from his

24    claim that he is owed three months of custody credits.  Plaintiff states he was forced to serve an

25    extra three months due to the negligence, maliciousness and deliberate indifference of

26    defendants.  As a result he seeks monetary damages and that the defendants be fired from their

1   jobs.[1]  The instant complaint names several defendants at California State Prison Solano (CSP-

2   Solano).  Plaintiff states that the credits were "illegally taken" by a prison official in November

3   2010, at the Substance Abuse Treatment Facility (SATF).  Plaintiff states the CSP-Solano

4   defendants in the instant case are liable for not restoring the credits improperly taken from his

5   prior facility.

6          Plaintiff previously filed a civil rights action in June 2011, and an amended

7   complaint in February 2012, where he alleged defendants at SATF improperly took 3 months of

8   custody credits.  Johnson v. Alison, No. 1:11-cv-1041 JLT.  On May 10, 2012, the undersigned

9   issued an order to show cause why the instant case should not be dismissed as duplicative.

10  Plaintiff filed a response to the order to show cause on May 23, 2012, and the undersigned notes

11  that plaintiff filed an amended complaint in Johnson v. Alison, No. 1:11-cv-1041 JLT, on May

12  21, 2012, where plaintiff removed the claim regarding the loss of custody credits.  In his response

13  to the order to show cause plaintiff discusses how defendants at CSP-Solano have violated his

14  due process rights at various ICC hearings.  While it is hard to understand plaintiff's arguments,

15  it appears that he wants defendants at CSP-Solano found liable for not reversing the 3 months

16  loss of credits that occurred at his prior institution.  Ultimately, it is not clear what plaintiff's

17  claims are, based on his complaint and the response to the order to show cause.  Plaintiff's

18  complaint is dismissed with leave to file an amended complaint within 28 days.  Plaintiff should

19  focus on the initial incident that led to his loss of credits, where it occurred, what parties were

20  involved and how it was improper.  Failure to file an amended complaint will result in this action

21  being dismissed.

22          The Civil Rights Act under which this action was filed provides as follows:

23          Every person who, under color of [state law] . . . subjects, or causes
            to be subjected, any citizen of the United States . . . to the
24          deprivation of any rights, privileges, or immunities secured by the

25  _____

26  [1] Plaintiff also sent a letter to the court on the instant case (Doc. 10) and indicated that
    CDCR has awarded him over 4 months of credits, though he is apparently still incarcerated.

1    Constitution . . . shall be liable to the party injured in an action at
2    law, suit in equity, or other proper proceeding for redress.

3    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

4    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

5    Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

6    (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

7    meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

8    omits to perform an act which he is legally required to do that causes the deprivation of which

9    complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

10          Moreover, supervisory personnel are generally not liable under § 1983 for the

11   actions of their employees under a theory of respondeat superior and, therefore, when a named

12   defendant holds a supervisorial position, the causal link between him and the claimed

13   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

14   (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

15   941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

16   in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

17   Cir. 1982).

18          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

19   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

20   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

21   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

22   there is some affirmative link or connection between a defendant's actions and the claimed

23   deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

24   164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

25   vague and conclusory allegations of official participation in civil rights violations are not

26   sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

2  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

3  amended complaint be complete in itself without reference to any prior pleading.  This is

4  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

5  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

6  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

7  original complaint, each claim and the involvement of each defendant must be sufficiently

8  alleged.

9    In accordance with the above, IT IS HEREBY ORDERED that:

10    1.  Plaintiff's request for leave to proceed in forma pauperis (Docs. 3, 11) are

11  granted.

12    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

13  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

14  § 1915(b)(1).  The fee shall be collected and paid in accordance with this court's order to the

15  Director of the California Department of Corrections and Rehabilitation filed concurrently

16  herewith.

17    3.  The complaint is dismissed for the reasons discussed above, with leave to file

18  an amended complaint, within twenty-eight days from the date of service of this order.  Failure to

19  file an amended complaint will result in this action being dismissed.

20  DATED: June 13, 2012

21    /s/ Gregory G. Hollows
     UNITED STATES MAGISTRATE JUDGE

22  GGH: AB
    john0598.b

23

24

25

26