IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL SAMUEL JOHNSON,

      Plaintiff,                     No. 2:12-cv-0598 GGH P

    vs.

MATTHEW CATE, et al.,

      Defendants.            <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se seeks relief pursuant to 42 U.S.C. § 1983. This case is before the undersigned pursuant to plaintiff's consent. Doc. 9. On June 14, 2012, plaintiff's original complaint was dismissed and plaintiff was provided 28 days to file an amended complaint or else this case would be dismissed. Plaintiff's address changed and the June 14, 2012, screening order was reserved on plaintiff at his updated address on August 1, 2012. On September 13, 2012, a 21 day extension was also provided. On September 26, 2012, plaintiff requested more information about this instant action as he stated he has 12 cases proceeding in five courts and cannot remember what the current case is about.[1] The court sent

---

[1] In plaintiff's October 11, 2012, filing he stated he had 17 cases.

1

1  plaintiff a copy of the June 14, 2012, screening order describing this case.[2]  On October 11, 2012,

2  plaintiff filed a notice that he now needs the court to send him a copy of his original complaint.[3]

3  The court has been waiting for an amended complaint for four months and has already provided

4  plaintiff extensions and copies of prior orders.  Based on the record, it does not appear that

5  plaintiff will file an amended complaint.

6        Accordingly, IT IS HEREBY ORDERED that this action be dismissed for the

7  reasons set forth in the June 14, 2012, screening order and for failure to follow court instructions.

8  See Local Rule 110; Fed. R. Civ. P. 41(b).

9  DATED: October 16, 2012

10

11        /s/ Gregory G. Hollows
      UNITED STATES MAGISTRATE JUDGE

12

13  GGH:AB
john0598.fta

---

[2] The court also sent plaintiff a list of his other pending cases which prompted requests in those cases for copies of prior orders to determine the status of the cases.  See e.g., No. 1:11-cv-1041 JLT P.  It is not the court's responsibility to track the status of all of plaintiff's cases and keep him apprised of each case.

[3] Plaintiff filed a change of address on October 11, 2012, however he already filed a change of address to this location which was noted by the court on July 30, 2012.  Moreover, in the two requests for status filed on October 11, 2012, plaintiff discusses some of the underlying facts of the case, thus it appears he is aware of his own complaint.